IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MOMULU V.S. SIRLEAF,

    Plaintiff,

v.                                           Civil Action No. **3:21CV785**

IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a federal detainee proceeding *pro se*, submitted this action to the United States District Court for the Central District of California. (ECF No. 1, at 1.) Plaintiff labeled the action as a "TORTURE VICTIM PROTECTION ACT CLASS ACTION." (*Id.*) By Order entered on December 13, 2021 the District Court for the Central District of California informed Plaintiff that he could not represent other individuals and transferred the action to this Court. (ECF No. 21, at 5, 10.)

In order to state a viable claim under *Bivens*,[1] a plaintiff must allege that a person acting under color of federal authority deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Williams v. Burgess*, No. 3:09CV115, 2010 WL 1957105, at *2 (E.D. Va. May 13, 2010) (citing *Goldstein v. Moatz*, 364 F.3d 205, 210 n.8 (4th Cir. 2004)). Courts must liberally construe *pro se* civil rights complaints in order to address constitutional deprivations. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Plaintiff's current allegations fail to provide the particular constitutional right that was violated by the defendants' conduct and also fail to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Accordingly, by Memorandum Order entered on January 19, 2022, the Court directed Plaintiff to submit a particularized complaint within fourteen (14) days of the date of entry thereof. The Court warned Plaintiff that the failure to submit the particularized complaint would result in the dismissal of the action.

More than fourteen (14) days have elapsed since the entry of the January 19, 2022 Memorandum Order. Plaintiff failed to submit a particularized complaint or otherwise respond to the January 19, 2022 Memorandum Order. Accordingly, the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate order will accompany this Memorandum Opinion.

/s/ M. Hannah Lauck
M. Hannah Lauck
United States District Judge

Date: 3-23-22
Richmond, Virginia